**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ARTIS PYE, JR.,

       Petitioner,

v.                          CASE NO:  8:12-cv-1298-T-23TBM

KENNETH S. TUCKER, SECRETARY
OF THE FLORIDA DEPARTMENT OF
CORRECTIONS,

       Respondent.

_____/

## O R D E R

    **THIS CAUSE** comes before the Court on a petition for writ of habeas corpus

filed by a Florida prisoner, Artis Pye, Jr. ("Pye"), pursuant to 28 U.S.C. 2254,

(Dkt. 1) and Respondent Secretary of the Florida Department of Corrections'

Response in Opposition, which is accompanied by the appendix record of Pye's state

court proceedings (Dkts. 6, 7)

## PROCEDURAL HISTORY

    On May 5, 2004, Pye was indicted in the Circuit Court for Hillsborough

County, Florida, for first degree murder and sexual battery.  (Ex.1, pp.1-2)[*]  Before

trial, on or about September 21, 2004, Pye filed a motion to discharge his attorney.

_____

[*] The exhibits cited throughout this Order can be found in the appendix record of Pye's state court proceedings at docket entry 7.

(Ex. 1a)  He claimed that his counsel was not communicating with him, not filing motions and not taking depositions, and he wished to obtain substitute counsel.  (Id.) The motion was denied without a hearing.  (Ex. 16, p. 18)

The trial was held on October 12, 2004.  (Ex. 28)  The jury found Pye guilty of first degree premeditated murder and sexual battery with actual physical force likely to cause serious bodily injury.  (Ex. 2)  Pye was sentenced to life imprisonment on each count, to be served consecutively.  (Ex. 3, pp. 5, 7-8)

Pye's appellate counsel then filed a motion to correct sentencing error.  (Ex. 5) He argued that Pye could not be sentenced to consecutive sentences and argued that there were improper court costs.  (Id.)  The trial court directed the State to respond. (Id.)  The State had no objection to Pye's motion.  (Ex. 7)  Thus, the trial court granted the motion, removing the court costs and changing the consecutive life sentences to concurrent life sentences.  (Ex. 8)

Pye then filed a direct appeal in the Second District Court of Appeal, raising four issues:  1) whether there was a discovery violation with the DNA evidence; 2) whether the State failed to prove premeditation and penetration; 3) whether the trial court should have provided a jury instruction on heat of passion; and 4) whether the victim should have been identified through a photograph in court.  (Ex. 9)  The State filed an answer brief.  (Ex. 10)  The appellate court affirmed *per curiam* without a written opinion on March 10, 2006.  (Ex. 11)  The mandate was issued on March 31, 2006.  (Id.)

- 2 -

On December 18, 2006, Pye filed a petition for writ of habeas corpus in the Second District Court of Appeal, alleging ineffective assistance of appellate counsel. (Ex. 12)  He claimed that his appellate counsel should have raised an additional issue that the trial court failed to hold a proper hearing after Pye filed a motion to discharge counsel.  (Ex.12, p. 4)  The appellate court denied the petition on February 14, 2007.  (Ex. 13)

On March 26, 2007, Pye filed a motion for post-conviction relief in the trial court, pursuant to Florida Rule of Criminal Procedure 3.850.  (Ex. 14)  He claimed that his trial counsel was ineffective for not informing the trial court of the conflict between counsel and Pye.  (Ex. 14, p. 4)  The trial court dismissed the motion as facially insufficient.  (Ex. 15)  Pye amended his petition.  (Ex. 15)  The amended motion raised two claims:  1) that counsel failed to inform court of conflict and 2) that counsel failed to request a hearing to discharge counsel.  (Ex. 16, pp. 4, 7)  The court ordered the State to respond to the first claim and dismissed the second claim.  (Ex. 17)  The court determined that issue two was not timely filed pursuant to state procedural rules.  (Ex. 17, p. 2)  Pye filed a motion for rehearing of the dismissal of claim two, and the trial court dismissed the motion as premature.  (Ex. 18; Ex. 19) In the response to the post-conviction motion, the State explained that Pye must present specific record evidence to show a true conflict of interest existed or the claim would be merely speculative.  (Ex. 20, p. 3)  The State further argued that any disagreements about how to conduct representation, the disclosure (or lack thereof)

of discovery materials and the decision to pursue a heat of passion defense did not create a conflict requiring counsel to be discharged.  (Ex. 20)  The court ordered an evidentiary hearing.  (Ex. 21)

The hearing was held on February 23, 2011.  (Ex. 22)  Pye and his trial counsel testified  (Ex. 22, pp. 6, 34)  The court then denied Pye's post-conviction motion, finding that:

> The Court notes that, "to establish an ineffectiveness claim premised on an alleged conflict of interest the defendant must 'establish that an actual conflict of interest adversely affected his lawyer's performance.'" Hunter v. State, 817 So. 2d 786, 791 (Fla. 2002) (citing Cuyler v. Sullivan, 446 U.S. 335, 350 (1980).  "To demonstrate an actual conflict, the defendant must identify specific evidence in the record that suggests that his or her interests were compromised."  Id. at 792.  "If a defendant successfully demonstrates the existence of an actual conflict, the defendant must also show that this conflict had an adverse effect upon his lawyer's representation."  Id.  As outlined below, this Court finds that Defendant failed at his evidentiary hearing to demonstrate that an actual conflict existed that adversely affected counsel's performance.
>
> At the evidentiary hearing, Defendant's prior defense attorney testified that he did not believe there to be a conflict of interest between he and Defendant, and that the letters Defendant references are typical in criminal defense and not indicative of any actual conflict.  (See Transcript, pp. 36- 37, attached.)  Additionally, counsel testified that he met with Defendant nine times, not counting his court appearances with Defendant, thereby directly conflicting Defendant's testimony that counsel met with Defendant only once before trial.  (See Transcript, pp. 7, 34-35, attached.)  Counsel also testified that he and Defendant discussed at these meetings Defendant's alibi defense for trial, and testified that he did not present a heat-of-passion defense, as Defendant alleges, but rather only included this as "backup argument" as a matter of strategy, without arguing it as a defense or presenting a jury instruction on such[.]...

The Court finds counsel's testimony to be credible, and finds that it refutes the assertions by Defendant as to any actual conflict of interest requiring disclosure to the court. See Hunter v. State, 817 So. 2d 786 (Fla. 2002). The Court believes that the reference to heat-of-passion at trial – which Defendant argues was the result of the alleged conflict of interest between he and Defendant – was not the theory of defense as Defendant alleges; and yet its inclusion at trial as a backup argument was reasonable strategy in light of the evidence against Defendant at trial, and is one that this Court will not second-guess. See Johnson v. State, 769 So. 2d 990, 1001 (Fla. 2000) ("Counsel's strategic decisions will not be second-guessed on collateral attack"); see also, Occhicone v. State, 768 So. 2d 1037, 1048 (Fla. 2000) ("strategic decisions do not constitute ineffective assistance of counsel if alternative courses have been considered and rejected and counsel's decision was reasonable under the norms of professional conduct"). The Court finds that Defendant has not demonstrated that an actual conflict existed that adversely affected counsel's performance, nor does this Court find there to be a reasonable probability that the outcome of Defendant's trial would have been different but for counsel's alleged deficiency. As such, Defendant warrants no relief on this allegation, and ground one of his Motion for Post-Conviction Relief must be denied.

(Ex. 23, pp. 3-6)

Pye appealed the ruling to the Second District Court of Appeal. (Ex. 24) The State responded that Pye's claim of conflict was based on incorrect factual information. More specifically, the State asserted that while Pye claimed that counsel only met with him once before trial, counsel testified that he met with Pye at least nine times, and the trial court determined that counsel's testimony, not Pye's, was credible. (Ex. 26, pp. 11-12) Defense counsel never felt resentment toward Pye or believed there was a conflict of interest. (Id. at 12) The Second District Court of Appeal affirmed *per curiam* without a written opinion on March 16, 2012. (Ex. 29) The mandate was issued on April 16, 2012. (Id.)

## THE FEDERAL HABEAS CLAIMS

On June 4, 2012, the Petitioner timely filed the instant federal petition

presenting the following two grounds for relief that mirror the claims raised in

Petitioner's state court Rule 3.850 post-conviction proceedings:

> 1.  Petitioner was denied his constitutional right to effective assistance of trial counsel when counsel failed to inform the trial court of a conflict of interest; and
>
> 2.  Petitioner was denied his constitutional right to effective assistance of trial counsel when counsel failed to schedule a hearing on Petitioner's motion to discharge counsel.

## THE AEDPA STANDARD OF REVIEW

Petitioner's federal petition is governed by the Antiterrorism and Effective

Death Penalty Act ("AEDPA") effective April 24, 1996.  See Lindh v. Murphy, 521

U.S. 320, 336 (1997).  Section 104 of the AEDPA amended 28 U.S.C. § 2254 by

adding the following provision:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Section 2254, as amended by the AEDPA, establishes a highly deferential standard for reviewing state court judgments.  Parker v. Secretary, Dep't of Corr., 331 F.3d 764 (11th Cir. 2003) (citing Robinson v. Moore, 300 F.3d 1320, 1342 (11th Cir. 2002)).  Petitioner filed his petition for writ of habeas corpus after the enactment of the AEDPA and, thus, section 104 applies to his petition.

Review under section 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.  Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law.  This language requires an examination of the state court decision at the time it was made.  It follows that the record under review is limited to the record in existence at that same time, *i.e.*, the record before the state court.  Cullen v. Pinholster, 131 S. Ct. 1388, 1398-1401 (2011).  In addition, section 2254(e)(1) "provides for a highly deferential standard of review for factual determinations made by a state court."  Robinson, 300 F.3d at 1342.  The federal court will presume the correctness of state court findings of fact, unless the petitioner is able to rebut that presumption by clear and convincing evidence.  See 28 U.S.C. § 2254(e)(1).  It is clear that Pye's claims fail under the AEDPA standard.

## STANDARD OF REVIEW FOR
## INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

A petitioner claiming ineffective assistance of counsel must meet the two-part standard for counsel's performance established by Strickland v. Washington, 466 U.S. 668 (1984).  To establish a *prima facie* claim of ineffective assistance of counsel, the petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense.  Id. at 687.  Deficient performance is performance which is objectively unreasonable under prevailing professional norms. Id. at 688.  Sound tactical decisions within a range of reasonable professional competence are not vulnerable to collateral attack.  See, e.g., Weber v. Israel, 730 F.2d 499, 508 (7th Cir.) (finding that choosing a defense is a matter of trial strategy), cert. denied, 469 U.S. 850 (1984); United States v. Guerra, 628 F.2d 410, 413 (5th Cir. 1980), cert. denied, 450 U.S. 934 (1981).  Prejudice results when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.  The cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.  Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)). Petitioner cannot satisfy the two-prong test of Strickland.

## DISCUSSION

In his first claim, Pye asserts that he had a conflict with his trial counsel.  The

Sixth Amendment right to effective assistance of counsel encompasses the right to

counsel untainted by a conflict of interest.  See Cuyler v. Sullivan, 446 U.S. 335

(1980); Holloway v. Arkansas, 435 U.S. 475 (1978).  This right is violated when the

defendant's attorney has an actual conflict of interest that adversely affects the

lawyer's performance.  Cuyler, 446 U.S. at 350.  The alleged conflict about which

Pye complained in his Rule 3.850 post-conviction motion is not that his counsel

suffered under a conflict of interest with regard to witnesses or other criminal

defendants.  Instead, Pye claimed he was represented by an attorney who did not

perform as promised, denying him effective counsel.  According to Pye's Rule 3.850

motion, counsel did not share discovery or communicate with him.  Pye also

complained that counsel pursued a heat of passion defense that Pye did not

authorize.

After reviewing the trial record in conjunction with the testimony of counsel at

the Rule 3.850 evidentiary hearing, however, the trial court determined that Pye's

claims were refuted.  The trial court found that counsel did not pursue a heat of

passion defense, but rather, an alibi defense.  The court also found that counsel

communicated with Pye and provided him information about his case.  Pye's Rule

3.850 allegations did not overcome the strong presumption that his counsel's

decisions regarding defense strategy fell within the wide range of professionally competent assistance.

Furthermore, Pye's claim of prejudice attributable to ineffective assistance fails to account for the great strength of the State's case against him.  Pye does not deny the state had ample evidence to support the convictions, but instead, merely speculates on a different outcome, which does not suffice to establish actual prejudice from the claimed omission of counsel.  See, e.g., Aldrich v. Wainwright, 777 F.2d 630, 637 (11th Cir. 1985) (holding that speculation is insufficient to carry the burden of a habeas corpus petitioner as to what evidence could have been revealed by further investigation).  The State court decision, therefore, resulted in a reasonable application of Strickland under either prong.

In his second claim, Pye contends that his counsel was ineffective for failing to request a hearing on his motion to discharge counsel, pursuant to Nelson v. State, 274 So. 2d 256 (Fla. Dist. Ct. App. 1979).  Although Pye frames his claim in ineffectiveness terms, the matter of whether a state court complied with state law regarding a request to discharge counsel is solely a matter of state law for which federal habeas corpus relief is unavailable.  See Petz v. Sec'y, Dept. of Corr., 2008 WL 5142465 (M.D. Fla. 2008) (finding that petitioner's claim that the state court made an inadequate inquiry under state law did not provide a basis for federal habeas relief).  According to state procedure, commonly referred to as a Nelson hearing, the trial court must go through a series of procedures to determine if counsel should be

discharged and to inform the defendant about his options.  See Hardwick v. State, 521 So. 2d 1071, 1074 (Fla. 1988).  Generalized complaints about court-appointed counsel's trial strategy or lack of contact or communication with the defendant do not constitute the kind of unequivocal request to discharge counsel necessary to trigger the requirements of Nelson.  Morrison v. State, 818 So. 2d 432, 441 (Fla. 2002).

Under state law, Pye's failure to seek a hearing on a motion to discharge counsel constitutes a waiver of the issue.  Parslow v. Sec'y, Dept. of Corr., 2009 WL 2929269, at *4 (M.D. Fla. 2009).  Pye waived his ground by not timely seeking a hearing when it was his responsibility, yet he now attempts to fault trial counsel for not requesting the hearing.  The requirement that a federal habeas corpus petitioner exhaust available state court remedies as a prerequisite to federal review is satisfied if the petitioner "fairly presents" his claim in each appropriate state court, alerting that court to the federal nature of the claim.  28 U.S.C. § 2254(b)(1); see also, Picard v. Connor, 404 U.S. 270, 275-76 (1971).  As a result of Pye's failure to exhaust his state remedies, Pye deprived the Florida courts of a full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review.  The constitutional dimension of whether the state conducted a proper inquiry into Pye's dissatisfaction with counsel could and should, if at all, have been preserved at trial and raised on direct appeal.  Pye's failure to do so worked a procedural default under state law.  See, e.g., McCoy v. State, 598 So. 2d 169, 170

(Fla. Dist. Ct. App. 1992) (holding that defendant's claim regarding trial court's refusal to permit defense counsel to withdraw from case was not cognizable on motion for post-conviction relief where it could have been raised on direct appeal).

Pye attempted to cure his default of this claim by filing a petition alleging ineffective assistance of appellate counsel. In his petition, Pye claimed his appellate counsel was ineffective for not raising his contentions on direct appeal. Pye's allegations in his state petition, however, failed to meet both of Strickland's prongs. In the first instance, Pye did not preserve as constitutional claims his assertions that the trial court failed to hold a Nelson hearing and to appoint substitute counsel. Accordingly, Pye fails to demonstrate any deficiency in his appellate counsel's foregoing his unpreserved arguments.

Further and alternatively, even if the Florida district court of appeal in denying Pye's petition reached the merits of Pye's underlying state law arguments, as Respondent argues, the decision would answer the question of what would have happened had his appellate counsel advanced an argument that trial counsel failed to comply with state procedures in not scheduling a hearing on his motion to discharge. Accordingly, Pye cannot show deficient performance or resulting prejudice from his appellate counsel's foregoing his state law-based arguments. See, e.g., Callahan v. Campbell, 427 F.3d 897, 932 (11th Cir. 2005) (holding that the Alabama Court of Criminal Appeals had already answered the question of what would have happened had counsel objected to the introduction of petitioner's statements based on state

- 12 -

decisions; the objection would have been overruled; therefore, counsel was not ineffective for failing to make that objection).  As a consequence, Pye also cannot demonstrate ineffectiveness of appellate counsel as valid cause for his default of ground two. The trial court found that Petitioner failed to demonstrate how counsel's performance was deficient and this Court finds no basis under AEDPA for disturbing the trial court's ruling.

> **ACCORDINGLY**, it is **ORDERED AND ADJUDGED**:

The Petition for Writ of Habeas Corpus is **DENIED**.  The Clerk is directed to enter judgment in favor of Respondent, to terminate any pending motion, and to close this case.

Additionally, the Court declines to issue a certificate of appealability because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).  Nor will the Court allow Petitioner to proceed on appeal *in forma pauperis* because such an appeal would not be taken in good faith.  See 28 U.S.C. § 1915(a)(3).  Instead, he will be required to pay the full amount of the appellate filing fee pursuant to 28 U.S.C. §§ 1915(b)(1) and (2).

ORDERED in Tampa, Florida, on May 9, 2014.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

- 13 -